UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> EXECUTIVE PRINTING OF DARIEN, L.L.C., CHAPIN PACKAGING L.L.C., and JOHN TRASK PFEIFLE, Individually <br><br> Defendants. | CIVIL ACTION NO: |

COMPLAINT

Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor (the "Secretary"), hereby alleges:

1.  This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA" or the "Act"), 29 U.S.C. § 1001 et seq., as amended, and the Secretary brings this action pursuant to ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5), to enforce the provisions of Title I of ERISA, obtain appropriate relief in order to redress violations, and enjoin acts and practices that violate the provisions of that Title.

JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

1

3.      Venue with respect to this action lies in the District of Connecticut pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## DEFENDANTS AND PLAN

4.      From June 2006 until August 2017, Defendant Chapin Packaging was a limited liability corporation ("Chapin Packaging") with an office and place of business at 1078 Post Road, Darien, Connecticut 06820, within the jurisdiction of this Court. Chapin Packaging dissolved in August 2017. Chapin Packaging was a printing company.

5.      On January 1, 2008, Defendant Chapin Packaging sponsored the Chapin Packaging L.L.C. 401(k) Profit Sharing Plan and Trust (the "Plan"), an employee pension benefit plan within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A), which is subject to coverage under the Act pursuant to § 4(a), 29 U.S.C. § 1003(a).

6.      The Plan was designed to provide retirement benefits for the exclusive benefit of its participants, who were employees of Defendants Chapin Packaging, and their beneficiaries. Amounts withheld from employee paychecks as contributions to the Plan, in accordance with each participant election, funded the Plan.

7.      Defendant Executive Printing of Darien ("EPOD") is and has been a limited liability corporation formed in July, 2010 with an office and place of business at 1078 Post Road, Darien, Connecticut 06820, within the jurisdiction of this Court, the same address as Chapin Packaging. Defendant EPOD is a printing company. During the pertinent period, EPOD was the entity that did the payroll for the employees covered by the Plan. On or about June 2012, Defendant Chapin Packaging became a member of Defendant EPOD. On or about November 10, 2015, EPOD became a Participating Affiliate of the Plan.

8.       Defendant John Trask Pfeifle ("Pfeifle") is and has been an owner of Defendants EPOD and Chapin Packaging. Defendant Pfeifle resides in Darien, Connecticut, within the jurisdiction of this Court.

## FIDUCIARY STATUS

9.       At all relevant times, including from July 2014 to August 2015 (the "pertinent period"), Defendant Chapin Packaging is and has been the Plan Sponsor, as defined by ERISA § 3(16)(B)(i), 29 U.S.C. § 1002(16)(B)(i).

10.      Upon information and belief, Defendant Chapin Packaging did not designate an administrative committee to administer the Plan. In the absence of a Plan Administrator, Defendant Chapin Packaging was the Plan Administrator within the meaning of ERISA § 3(16)(a)(ii).

11.      Defendant Chapin Packaging, as the Plan Administrator of the Plan, exercised discretionary authority or discretionary control respecting the management of the Plan, exercised authority or control respecting management or disposition of the Plan's assets, and had discretionary authority or discretionary responsibility in the administration of the Plan. Therefore, Defendant Chapin Packaging is and has been, during the pertinent period, a fiduciary to the Plan within the meaning of ERISA § 3(21)(A)(i) and (iii), 29 U.S.C. § 1002(21)(A)(i) and (iii), and has been a party-in-interest within the meaning of ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

12.      During the pertinent period, Defendant EPOD, acting as an employer, did the payroll and issued pay checks to employees who were participants in the Plan. As such, EPOD was in control of the funds that were withheld from employee paychecks and diverted such funds

for its own uses instead of forwarding them to the Plan. EPOD exercised discretionary authority or discretionary control respecting the management of the Plan, exercised authority or control respecting management or disposition of the Plan's assets, and had discretionary authority or discretionary responsibility in the administration of the Plan. Therefore, Defendant EPOD is and was, during the pertinent period, a fiduciary to the Plan within the meaning of ERISA § 3(21)(A) and has been a party-in-interest within the meaning of ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

13.     During the pertinent period, Defendant Pfeifle was the person who carried out the administration of the Plan for Chapin Packaging and EPOD, had access and control of the Plan and EPOD/Chapin Packaging payroll bank accounts, had signatory authority over the Plan, and was a decision-maker for the Plan and EPOD/Chapin Packaging, including the decision not to transfer all of the funds withheld from employee paychecks. As such, Defendant Pfeifle exercised discretionary authority or discretionary control respecting the management or disposition of the Plan's assets, and had discretionary authority or discretionary responsibility in the administration of the Plan. Therefore, Defendant Pfeifle is and was, during the pertinent period, a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A)(i) and (iii), 29 U.S.C. § 1002(21)(A)(i) and (iii), and has been a party-in-interest with respect to the Plan within the meaning of ERISA §§ 3(14)(A), 29 U.S.C. §§ 1002(14)(A).

## CLAIMS

14.     During the pertinent period, Defendants, as fiduciaries of the Plan, were responsible for receiving and collecting any and all monies due to the Plan and for properly managing the assets of the Plan.

15.     From July 2014 to August 2015, employee contributions were withheld from employee paychecks for deposit to the Plan. Those employee contributions became plan assets pursuant to the ERISA plan asset regulation, 29 C.F.R. § 2510.3-102(b)(1)-(2) as of the earliest date on which such contributions could reasonably be segregated from the general assets of the Company, but, in any case, no later than the 15th calendar day following the month in which the participant contribution amounts would otherwise have been payable to participants in cash.

16.     From July 2014 to August 2015, Defendants failed to remit any and all withheld employee contributions due to the Plan. The unremitted employee contributions total approximately $12,886.73 plus lost opportunity costs, and are due and owing to the Plan. The unremitted plan assets were utilized by Defendants for their own purposes.

17.     Defendants failed to obtain a fidelity bond after January 1, 2018.

18.     By virtue of the acts described in paragraphs 15 through 17, Defendants failed to discharge their fiduciary duties with respect to the Plan solely in the interest of the participants and beneficiaries, for the exclusive purpose of providing benefits to the participants and their beneficiaries, and defraying reasonable expenses of plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

19.     By virtue of the acts described in paragraphs 15 through 17, Defendants failed to discharge their fiduciary duties in regard to the Plan with the requisite degree of care, skill, prudence, and diligence, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

20.     By virtue of the acts described in paragraphs 15 through 17, Defendants failed to act in accordance with the Plan document, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

21. By virtue of the acts described in paragraphs 15 through 17, Defendants caused the Plan to engage in transactions which they knew or should have known constituted transfers of plan assets to, or use by or for the benefit of, Defendants EPOD, Chapin Packaging, and Pfeifle, parties-in-interest-in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

22. By virtue of the acts described in paragraphs 15 through 17, Defendants dealt with the assets of the Plan in their own interest or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1).

23. By virtue of the acts described in paragraphs 15 through 17, Defendants acted in transactions involving the Plan on behalf of a party whose interests were adverse to the interests of the Plan, its participants, and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

24. By virtue of the acts described in paragraphs 15 through 17, Defendants failed to ensure that the assets of the Plan never inured to the employer, and failed to ensure that assets of the Plan be held for the exclusive purposes of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1).

25. By virtue of the acts described in paragraphs 15 through 17, Defendants failed to ensure that the assets of the Plan were held in trust by one or more trustees, in violation of ERISA § 403(a), 29 U.S.C. 1103(a).

26. By virtue of the act described in paragraph 18, Defendants failed to ensure that the Defendant Pfeifle and any other fiduciary or person who handles funds of the Plan obtain the requisite bonding, as required by ERISA § 412, 29 U.S.C. § 1112.

27. In addition to liability each fiduciary has for the breaches of fiduciary duties set forth above, the Defendants have co-fiduciary liability under ERISA § 405(a)(1),(2) and (3), 29 U.S.C. §1105(a)(1),(2) and (3) because (1) they knowingly participated in each other's breaches, (2) they enabled each other to commit such breaches by failing to carry out their own fiduciary responsibilities, and (3) they each had knowledge of each other's breaches and did not take reasonable steps to remedy the breaches.

PRAYER FOR RELIEF

WHEREFORE, the Secretary prays that this Court enter an order:

1. Permanently enjoining Defendants from violating or participating in any violation of ERISA §§ 403, 404 and 406, 29 U.S.C. §§ 1103, 1104 and 1106.

2. Permanently enjoining Defendant Pfeifle from serving as a fiduciary to any ERISA-covered plan in the future.

3. Requiring Defendants to obtain the requisite bonding.

4. Requiring Defendants to restore to the Plan any and all losses incurred as a result of breaches of Defendants' fiduciary duties and the violations they committed or for which they are liable, plus lost earnings and appropriate interest including requiring an offset of Pfeifles' account;

5. Awarding the Secretary the costs of this actions; and,

6. Providing such other relief as is just and equitable.

Respectfully submitted,

Kate S. O'Scannlain
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

/s/ *Sheila A. Gholkar*
Sheila A. Gholkar
Trial Attorney
U.S. Department of Labor
Office of the Regional Solicitor
JFK Federal Building, Room E-375
Boston, MA 02203
TEL.: (617) 565-2500
FAX: (617) 565-2142

DATE: February 11, 2020